SHARPE *v.* SHARPE.

DIVORCE—PREPONDERANCE OF EVIDENCE.
  Wife's suit for divorce *held,* properly dismissed on ground that plaintiff's charges were not supported by preponderance of evidence.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted April 19, 1932. (Docket No. 158, Calendar No. 36,474.) Decided June 6, 1932.

Bill by Effie M. Sharpe against Lewis Sharpe for divorce. Bill dismissed. Plaintiff appeals. Affirmed.

*Wm. Henry Gallagher,* for plaintiff.

*Frank B. Ferguson* (*Gerald R. Marshall,* of counsel), for defendant.

BUTZEL, J. Effie M. Sharpe, plaintiff, filed a bill for divorce against Lewis Sharpe. The parties were married on January 11, 1928, at Detroit. Plaintiff was 48 years of age and had never been married before. Defendant was almost 10 years older. Previous to her marriage, plaintiff was a buyer for a department of a very large mercantile establishment. She gave up her position and cannot get it back. Defendant had three children by two previous marriages, both wives having died. They were sisters whom plaintiff had known and through whom she had met defendant over 20 years prior to her marriage to him. Plaintiff knew that defendant ran

a saloon where intoxicating liquor was sold. He gave up the business when he married. The parties had spent many evenings together previous to their marriage and frequently at roadhouses where intoxicating liquors were partaken of at their meals. Liquor was used during their honeymoon trip, and although plaintiff very vehemently declared in the course of her testimony that she hated liquor, she admitted that she herself had indulged in its use. She must have known that the running of a saloon was illegitimate. The parties had many quarrels during the short period of four months during which they lived together, but excepting one or two instances they were not of a serious nature. We do not believe there is any reason why, with an effort on the part of each of them, there cannot be a reconciliation and a restoration of domestic peace. According to plaintiff's own testimony, after the return from the wedding trip, she found that defendant was drinking to excess and she asked him to again engage in the liquor business. He acted in accordance with her suggestion and they took up their residence in a flat over the saloon he conducted. The charges made by her were not, in the opinion of the trial judge, supported by the requisite preponderance of testimony reaching the dignity of evidence. He was not at all in sympathy with plaintiff's asking for legal redress when she admitted that she asked defendant to engage in an illegal business which may have been indirectly the contributing cause of defendant's alleged misconduct.

We believe the court reached the correct conclusion in dismissing the bill of complaint. The decree is affirmed, with costs to defendant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.